**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YEFERSON GOMEZ IPUANA (A No. 244-807-420),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al.,<br><br>Respondents. | Case No. 2:26-cv-01168-JLT-HBK<br><br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND ORDERING PETITIONER'S IMMEDIATE RELEASE<br><br>(Doc. 1.) |

Yeferson Gomez Ipuana is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (*See* Doc. 4.) In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the Petition.

### I.     FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of Colombia who entered the United States on November 17, 2024, where he was encountered and released on parole. (Doc. 1 at 1.) Petitioner claims that he and his two daughters entered the United States legally through the Customs and Border Protection's One Program and were granted "Class DT" parole status, a form of humanitarian parole, after fleeing from drug traffickers in Colombia. (*See* Doc. 1 at 4–5; *see also* Doc. 1 at 37, 38, 43–44, 46, 47–

49.) That same day, on November 17, 2024, Petitioner received a Notice to Appear charging him as removable under the Immigration and Nationality Act § 212(a)(7)(A)(i)(I). (Doc. 6-1 at 1–4.) On July 3, 2025, Petitioner was stopped and arrested by Immigration and Customs Enforcement while driving near his home. (Doc. 1 at 2.) Petitioner was transferred to California City Detention Center where he remains and has been detained for approximately ten months. (*Id*. at 2, 11.) The day of his arrest, Petitioner received a "Notice of Custody Determination" indicating that Petitioner would be detained pending a final administrative determination in his case. (Doc. 6-2 at 1.) Petitioner requested an immigration judge to review that custody determination (*id*), however, later withdrew that request. (*See* Doc. 6-5 at 1.)

On December 18, 2025, the IJ granted the government's motion to pretermit Petitioner's asylum application and ordered Petitioner removed to Honduras. (Doc. 6-3 at 5.) The IJ found that Petitioner was subject to the terms of the Asylum Cooperative Agreement between the United States and Honduras, that Petitioner failed to show that he would face persecution or torture if removed to Honduras, that Petitioner was notified of DHS's intent to remove him to Honduras, and that Petitioner received adequate notice and opportunity to respond. (*Id*. at 3–5.) On January 12, 2026, Petitioner timely appealed that decision to the Board of Immigration Appeals, which remains pending. (Doc. 6-4 at 1.) Petitioner has no criminal history, nor is there any indication in the record that he now poses a flight risk or danger to the community. (Doc. 1 at 2, 12; Doc. 2; Doc. 6.) Petitioner is a single dad who works as a gardener to support his two young daughters. (Doc. 1 at 12.) On March 30, 2026, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights have been violated. (Doc. 1 at 6–10.) On April 20, 2026, Respondents filed a response to the Petition on the grounds that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 6 at 2–3.)

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the

power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.   DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment. (Doc. 1 at 8.) To the extent that Respondents substantively address Petitioner's due process argument, they assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) of the INA and therefore categorically ineligible for a bond hearing. (Doc. 6 at 2–3.) Courts nationwide, including this one, have rejected Respondents' legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. (*See* Doc. 6.) Further, Respondents do not argue that the non-final order of removal to Honduras, which is pending a determination on appeal, requires Petitioner's ongoing detention. (*Id.*) Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

### IV.   CONCLUSION AND ORDER

1.   The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.

2.     Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[1];

3.     The Clerk of Court is directed to serve the California City Detention Facility in California City, California with a copy of this Order.

4.     The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **May 5, 2026**

_____
UNITED STATES DISTRICT JUDGE

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to an *administratively* and/or *judicially* final order of removal, *see* 8 U.S.C. § 1231(a)(1)(B), and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.